I respectfully dissent from the Decision and Order of the majority. Because defendant NCDOC has a duty to provide legal services to Moore pursuant to Smith, and because Moore has alleged that NCDOC has breached that duty by failing to provide such services, I would hold that Moore has properly plead a claim for negligence against NCDOC, and that Moore's claim under the Tort Claims Act should not be dismissed.
Defendant NCDOC contends, and the majority erroneously concludes, that NCDOC should not be held liable for any negligent actions of NCPLS under the reasoning set forth by the Industrial Commission in Darnell v. NorthCarolina Prisoner Legal Services, Inc., I.C. no. TA-13226 (1995). In that case (which provides persuasive but not precedential authority to the present case), the plaintiff sought to hold the State liable for the alleged negligence of an attorney provided to him by NCPLS. In that case, the Industrial Commission concluded that,
 While it certainly may be argued that defendant's employee was accomplishing the State's constitutionally mandated purpose of furnishing legal counsel, regardless of any effect on its purpose to incarcerate the claimant, the adversarial nature of his role logically permits — or requires — a distance from those actually accomplishing the purpose that makes holding the State liable on the basis of respondeat superior inappropriate. Presumably, that kind of detachment is also permissible when the prison is meeting needs with less immediate critical importance than medical care. Thus, although inmates also have an Eighth Amendment right to be properly fed, the State perhaps would not be liable for the unforeseen negligence of a milk truck driver on its premises, or a foreign object in canned food. *Page 6 
Id. However, Moore's claim in the present case is fundamentally different from that presented in Darnell. Moore is claiming, not that the legal services provided to him by NCPLS were negligently provided, but that Moore was negligently not provided with any legal services atall by either NCPLS or the State. Because Moore's claim does not concern the negligence of a particular attorney working adversarially to the interests of NCDOC, the concerns described in Darnell do not arise. To expand upon the parallel set forth in Darnell, given inmates' Eighth Amendment right to be properly fed, the State might not be liable for the unforeseen negligence of a milk truck driver or for a foreign object in a can of food, but the State would very likely be liable for a failure to provide the inmate with any milk or canned food at all.
In addition, contrary to the contentions of defendant NCDOC before the Industrial Commission, the doctrine of public official immunity does not apply to Moore's claims of negligence against Beck and NCDOC. The doctrine of public official immunity states:
 "It is settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto."
Smith v. State, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976) (quotingSmith v. Hefner, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952)) (emphasis added). In the present action, Moore alleges negligence against Beck in his official capacity as the Secretary of Correction; accordingly, the claim has been brought under the Tort Claims Act, by which the State of North Carolina has waived its sovereign immunity from actions for negligence. See N.C. Gen. Stat. § 143-291(a). Because an action for negligence against a public official such as Beck in hispersonal capacity would not properly be brought under the Tort Claims Act (since it would, by definition, not be an action against any "departments, institutions [or] agencies of the State," N.C. Gen. Stat. § 143-291(a)), *Page 7 
it follows that the doctrine of public official immunity by its own terms does not apply to actions brought under the Tort Claims Act.
For the reasons stated herein, I respectfully dissent.
This the 6th day of February, 2007.
 S/___________________ THOMAS J. BOLCH COMMISSIONER *Page 1